[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 87.]

OFFICE OF DISCIPLINARY COUNSEL *v*. CARGO.

[Cite as *Disciplinary Counsel v. Cargo*, 1994-Ohio-65.]

*Attorneys at law—Misconduct—Six-month suspension stayed with conditions—Failing to preserve identity of funds and property of client.*

(No. 94-1843—Submitted October 11, 1994—Decided December 7, 1994.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-43.

_____

{¶ 1} By a complaint filed on August 16, 1993, relator, the Office of Disciplinary Counsel, charged that respondent, William Andrew Cargo of Cleveland, Ohio, Attorney Registration No. 0043516, had commingled client funds in his personal account, and that he had thereby violated DR 1-102(A)(6)(engaging in conduct that adversely reflects on his fitness to practice law), and 9-102(A)(failing to preserve the identity of funds and property of a client). Respondent was served with the complaint, and filed an answer admitting most of the facts of the complaint, but denying that his misconduct adversely reflected upon his fitness to practice law.

{¶ 2} The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") without oral hearing and upon the joint stipulation of the parties. The joint stipulation reflects that respondent was, when this matter arose, employed with a Mansfield, Ohio firm that represented the Estate of Marjorie Mahon. Respondent was assigned to and primarily handled the matter.

{¶ 3} During the week of May 10, 1993, an unsigned 1041 Federal Income Tax Return for the Mahon Estate was returned by the IRS to the firm. The preparer information at the bottom of the tax return had been whited out by respondent.

Respondent had previously informed the client that a 1041 Income Tax Return needed to be prepared by the Mahon Estate. In addition, he told the client that he would prefer someone other than himself to prepare the return and for the firm not to be made aware of the arrangement.

{¶ 4} Respondent apparently agreed to prepare the tax return and requested the client to send him a $1,000 check from the estate for completing it. On March 2, 1992, respondent deposited the $1,000 check into his personal account. At all relevant times the account had a balance of at least $1,000.

{¶ 5} At respondent's request, accountant Richard Kleshinski prepared the 1041 Federal Income Tax Return for the Mahon Estate. Respondent asked that the bill be sent directly to his home. Due to a billing error by Kleshinski's office, the bill was not sent to respondent's home as requested. The bill, which was generated more than sixteen months after the tax return had been prepared, was apparently sent to respondent's firm. Prior to receiving Kleshinski's bill, the firm reimbursed the client the $1,000 which the client had paid respondent to prepare the tax return. After receiving the bill, the firm paid Kelshinski $300 for his services. Three months later, respondent reimbursed the firm the $1,000 that he had received from the client.

{¶ 6} There was no evidence that respondent intended to or did profit by means of preparation of the 1041 form. Attached to the joint stipulation were several letters from respondent's current and former clients attesting to his legal ability, personal integrity, and professionalism.

{¶ 7} Based on the joint stipulation, the panel found a violation of DR 9-102(A). It then recommended the sanction recommended by the parties in the joint stipulation: suspension from the practice of law in Ohio for six months, with the suspension to be stayed; respondent placed on probation and the performance of his duties to be supervised by an attorney at his firm; and a monitoring attorney be appointed to perform the duties required by Gov. Bar R. V(9)(B). The panel further

recommended that respondent reimburse the $300 paid by his firm to Kleshinski. The board adopted the panel's findings and its recommendation.

————————————

*Geoffrey Stern*, Disciplinary Counsel, for relator.

*Mark H. Aultman*, for respondent.

————————————

**Per Curiam.**

{¶ 8} Having thoroughly reviewed the record, we agree with the board's finding of misconduct and its recommendation. Accordingly, respondent is hereby suspended from the practice of law in Ohio for six months, with the suspension to be stayed and respondent to be placed on probation upon the conditions that during this period: the performance of his duties be supervised by an attorney at his new firm, Reminger & Reminger; a monitoring attorney be appointed under Gov. Bar R. V(9)(B); and respondent reimburse his former firm in Mansfield the $300 paid to Kleshinski. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and PFEIFER, JJ., concur.

F.E. SWEENEY, J., dissents and would suspend respondent for six months without stay.

————————————